# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLUB DELUX APARTMENTS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **No. 24-369** |
| **WESTCHESTER SURPLUS LINES INSURANCE COMPANY** | **SECTION I** |

## ORDER & REASONS

Before the Court is defendant Westchester Surplus Lines Insurance Company's ("defendant") motion[1] for summary judgment. Plaintiff Club Delux Apartments, LLC ("plaintiff") opposes[2] this motion. Defendant filed a reply.[3] For the reasons that follow, the Court grants the motion in part and denies it without prejudice in part.

## I.    BACKGROUND

This case involves an insurance dispute arising from damage to plaintiff's properties allegedly sustained during Hurricane Ida.[4] Plaintiff asserts that, at all relevant times, plaintiff owned and operated an apartment complex comprised of eleven residential rental properties, each with two rental units.[5]

---

[1] R. Doc. No. 10.
[2] R. Doc. No. 15.
[3] R. Doc. No. 17.
[4] *See* R. Doc. No. 1-2 (state-court petition for damages), at 5–9.
[5] R. Doc. No. 15, at 3 (citing R. Doc. No. 1-2, ¶ 5).

Defendant issued an insurance policy covering the properties which was in effect during Hurricane Ida.[6] The insurance policy provides that defendant "will pay for covered loss or damage within 30 days after [defendant] receive[s] the sworn proof of loss, if [the insured] ha[s] complied with all of the terms of this Coverage Part, and: (1) [Defendant] ha[s] reached an agreement with [the insured] on the amount of loss; or (2) An appraisal award has been made."[7] The policy also contains a "Legal Action Against Us" provision, which states: "No one may bring a legal action against [defendant] under this Coverage Part unless: 1. There has been full compliance with all of the terms of this Coverage Part; and 2. The action is brought within 2 years after the date on which the direct physical loss or damage occurred."[8]

Immediately after Hurricane Ida, Crystal Foster ("Foster"), defendant's property manager, inspected the properties and "observed what appeared to be minor damage that, in [her] opinion, would not exceed the [policy's] windstorm deductible of $2,500 for each building."[9] According to Foster, in "mid-2023," plaintiff "was informed by a building consultant that the properties likely sustained more damage from Hurricane Ida than what [Foster] realized when [she] first inspected them."[10]

On August 19, 2023, plaintiff's attorneys emailed a letter of representation to defendant indicating that the letter should be considered "notice of [a Hurricane Ida]

---

[6] *See* R. Doc. No. 10-2 (defendant's statement of undisputed material facts), ¶ 1; R. Doc. No. 15-1 (plaintiff's response to defendant's statement of undisputed material facts), ¶ 1.
[7] R. Doc. No. 10-4, at 39.
[8] *Id.* at 23.
[9] R. Doc. No. 15-2 (Foster's declaration), ¶¶ 2, 4.
[10] *Id.* ¶ 5.

claim[.]"[11] On August 23, 2023, defendant "initiated a loss adjustment by assigning an independent adjuster who contacted [plaintiff's] counsel to schedule an inspection of the claimed damage and request additional information regarding the claim."[12] Beginning on August 24, 2023, defendant's independent adjuster made several unsuccessful attempts to contact plaintiff's counsel.[13] Plaintiff filed the instant lawsuit on August 28, 2023.[14] Plaintiff's counsel first responded to defendant's independent adjuster on September 6, 2023.[15]

In its motion for summary judgment, defendant argues that this matter should be dismissed as premature because plaintiff filed its petition for damages only nine days after providing notice of the claim.[16] Defendant emphasizes that neither the insurance policy nor Louisiana law requires it to pay a claim within nine days of the first notice of the claim.[17] Because defendant was not obligated to tender anything to plaintiff at the time the lawsuit was filed, defendant argues that the lawsuit was premature.[18] Moreover, defendant contends that prescription continued to run even after plaintiff filed the lawsuit and that, pursuant to the "Legal Action Against Us"

---

[11] R. Doc. No. 10-5 (declaration of Kenneth Thelen, National General Adjuster for defendant), ¶¶ 4–6; *id.* at 3–6 (email and letter of representation).

[12] R. Doc. No. 10-2, ¶ 6; R. Doc. No. 15-1, ¶ 6; R. Doc. No. 10-6 (declaration of Eron Davis, defendant's independent adjuster), ¶ 3.

[13] R. Doc. No. 10-6, ¶¶ 6–10; *see also* R. Doc. No. 10-2, ¶¶ 6–7; R. Doc. No. 15-1, ¶¶ 6–7.

[14] *See* R. Doc. No. 1-2, at 5 (Tangipahoa Parish Clerk of Court stamp indicating that plaintiff's petition for damage was e-filed on August 28, 2023).

[15] R. Doc. No. 10-6, ¶ 10.

[16] R. Doc. No. 10-3, at 1.

[17] *Id.* at 2.

[18] *Id.* at 12.

3

policy provision, plaintiff's claim prescribed on August 29, 2023, two years after Hurricane Ida.[19] Accordingly, defendant requests that the Court dismiss this action with prejudice and at plaintiff's cost based on prescription.[20] Alternatively, defendant requests that the Court dismiss the action without prejudice as premature.[21]

In response, plaintiff characterizes defendant's motion as a "'Heads, we win, Tails you lose' argument" and therefore urges the Court to deny it.[22] Specifically, plaintiff argues that its lawsuit was not premature because it was timely filed within two years of Hurricane Ida pursuant to the insurance policy.[23] Plaintiff also contends that an insurance company should not be able to "enforce a 'limitation of suit' provision on a property damage claim while simultaneously urging that the policyholder's timely filed claim is then premature."[24] Further, plaintiff asserts that, even if its claims are premature, they are not prescribed because "any prescriptive period was interrupted by the timely filing of this suit."[25] Plaintiff also argues that defendant's motion is an effort to shorten the prescriptive period to less than two years in violation of La. R.S. 22:868(B).[26] In the alternative, plaintiff requests the opportunity to amend its complaint if the Court finds that additional factual allegations are necessary to establish its right to proceed with its claim.[27]

---

[19] *See id.* at 2.
[20] R. Doc. No. 10, at 1.
[21] *Id.*
[22] R. Doc. No. 15, at 2.
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.* at 19–22.
[27] *Id.* at 2; *id.* at 23–25.

In reply, defendant reiterates that no breach had occurred at the time plaintiff filed the lawsuit.[28] Defendant also contends that the policy's two-year prescriptive period complies with La. R.S. 22:868(B).[29] Further, defendant stresses that plaintiff's filing of this lawsuit did not interrupt prescription pursuant to Louisiana law because this lawsuit was premature.[30] Finally, defendant urges the Court to deny plaintiff's request for leave to amend as futile because plaintiff has not indicated what additional allegations it would make in any amended complaint and because plaintiff has already had an opportunity to submit summary judgment evidence in opposition to defendant's motion.[31]

## II.    STANDARD OF LAW

Summary judgment is proper when, after reviewing the materials in the record, a court determines that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also*

---

[28] R. Doc. No. 17, at 1–4.

[29] *Id.* at 4–8.

[30] *Id.* at 8–9.

[31] *Id.* at 9–10.

*Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine dispute is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party responding to the motion for summary judgment may not rest upon the pleadings but must identify specific facts that establish a genuine issue. *Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255. If the nonmovant fails to meet its burden of showing a genuine dispute for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075–76.

## III.   ANALYSIS

As noted, defendant first argues that the Court should dismiss this lawsuit because it was premature at the time it was filed.[32] Pursuant to Louisiana law, "[a]n obligation implies a right to enforce it which may or may not accrue immediately upon the creation of the obligation. When the obligation allows a term for performance, the right to enforce it does not accrue until the term has elapsed." La. Code Civ. Proc. art. 423. Additionally, "[w]hen an action is brought on an obligation before the right to enforce it has accrued, the action shall be dismissed as premature, but it may be brought again after this right has accrued." *Id.* "Prematurity is determined by the facts existing at the time suit is filed." *Sevier v. U.S. Fidelity & Guaranty Co.*, 497 So. 2d 1380 (La. 1986) (citation omitted).

Plaintiff's complaint asserts a breach of insurance contract claim. The U.S. Court of Appeals for the Fifth Circuit has explained that, "[i]n Louisiana, a breach-of-contract claim has three 'essential' elements: '(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee.'" *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (quoting *Favrot v. Favrot*, 68 So. 3d 1099, 1108–09 (La. App. 4th Cir. 2011)). Additionally, "[t]o state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002) (citing *Bergeron v. Pan Am. Assurance Co.*, 731 So. 2d 1037, 1045 (La. App. 4th Cir.

---

[32] R. Doc. No. 10-3, at 7–13.

1999)). "Generally, a breach-of-contract claim [pursuant to Louisiana law] accrues on the date of breach—the date of a wrongful coverage denial in the insurance context." *425 Notre Dame Condos. Homeowners Ass'n, Inc. v. Rockhill Ins. Grp.*, No. 19-12873, 2021 WL 1967496, at *3 n.20 (E.D. La. May 17, 2021) (Vance, J.).

Plaintiff primarily argues that its lawsuit cannot be premature because it complies with the insurance policy. Specifically, plaintiff asserts that it filed the lawsuit within two years of the date on which the physical loss or damage occurred in accordance with the "Legal Action Against Us" provision of the policy.[33] Plaintiff emphasizes that the policy does not require legal action to be brought within two years of making a claim under the policy or within two years of any breach.[34] Although plaintiff appears to concede that a breach of contract claim accrues on the date of a wrongful coverage denial in the insurance context,[35] it nonetheless asserts its claims are not premature because, had plaintiff waited for its claim to accrue, it would have filed its claim beyond the policy's two-year time period.[36]

As explained, plaintiff fundamentally contends that the Court should not permit defendant to use its "Legal Action Against Us" to make a "Heads I win; Tails

---

[33] *See* R. Doc. No. 10-4, at 23.

[34] R. Doc. No. 15, at 9.

[35] *See id.* at 13 ("Even [defendant] concedes that a breach-of-contract claim accrues on the date of breach – the date of a wrongful coverage denial in the insurance context.").

[36] *See id.* at 15 ("Make no mistake, if [plaintiff] would have waited [for defendant to schedule an inspection and then waited an additional 30–60 days], [defendant] would have undoubtedly insisted that its storm-related claims had most certainly prescribed.").

you lose" argument that plaintiff's claims are both premature and prescribed.[37] To support its position, plaintiff first cites *Executive Plaza, LLC v. Peerless Insurance Company*, a New York Court of Appeals decision answering a question certified to it by the U.S. Court of Appeals for the Second Circuit. 22 N.Y. 3d 511 (2014). That case involved a fire insurance policy that contained both a clause limiting the time in which the insured could file a lawsuit to two years after a fire and another clause stating that the insured could only recover the cost of replacing destroyed property after the property had been replaced. *Id.* at 516. The New York Court of Appeals held that the policy's two-year limitations period was unreasonable where an insured had acted reasonably to replace the damaged building but was not able to do so within the two-year limitations period. *Id.* at 518–19.

In short, *Executive Plaza* addressed the question of whether a two-year limitations period in an insurance policy is reasonable pursuant to New York law where the policy also contains a provision that delays the accrual date. That has no bearing on whether, pursuant to Louisiana law, plaintiff's lawsuit was premature at the time it was filed.[38] Moreover, in deciding this question, the court assumed that the insured could not have reasonably satisfied the provision that triggered the accrual date within the limitations period. By contrast, in the instant case, plaintiff

---

[37] *Id.*

[38] Indeed, the district court originally granted the defendant's motion for summary judgment, finding that the matter was not yet ripe since defendant had no obligation to indemnify plaintiff until the property had been replaced. *See generally Exec. Plaza, LLC v. Peerless Ins. Co.*, No. 09-1976, 2010 WL 11632677, at *1–5 (E.D.N.Y. Feb. 8, 2010).

has not demonstrated that it could not have reasonably provided satisfactory proof of loss earlier than August 2023. Its only explanation for the delay between the storm and the notice is that its property manager, who by her own admission is "not an expert in assessing storm damage[,]"[39] initially assessed the storm damage to its properties. Plaintiff offers no justification for its decision to rely on this non-expert's assessment rather than seeking a second opinion from an expert shortly after the storm.

Plaintiff also argues that defendant's motion "purports to unlawfully limit the insured's ability to bring its claim in some period of time less than the twenty-four months permitted by La. R.S. 22:868(B)[.]"[40] Louisiana Revised Statute 22:868(B) provides:

> No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, or any health and accident policy insuring a resident of this state regardless of where made or delivered, shall contain any condition, stipulation, or agreement limiting right of action against the insurer to a period of less than twenty-four months next after the inception of the loss when the claim is a first-party claim, as defined in R.S. 22:1692, and arises under any insurance classified and defined in R.S. 22:47(6), (10), (11), (12), (13), (15), and (19) or to a period of less than one year from the time when the cause of action accrues in connection with all other insurances unless otherwise specifically provided in this Code.

According to plaintiff, defendant's argument that this lawsuit is premature violates § 22:868(B) because this theory would make the amount of time an insured has to file a lawsuit shorter than twenty-four months.[41]

---

[39] R. Doc. No. 15-2, ¶ 5.
[40] R. Doc. No. 15, at 19 (emphasis removed).
[41] *Id.*

Plaintiff relies on *Munsterman v. Unitrin Auto & Home Insurance Company* and *Mattress Direct, Inc. v. Northern Insurance Company of New York* to support this position. 307 So. 3d 297 (La. App. 3d Cir. 2020); 530 F. Supp. 3d 633 (M.D. La. 2021). *Munsterman* involved an insurance policy which included "a one-year limitation from the date of loss within which the notice of the loss must be reported to the insurer[.]" 307 So. 3d at 299. The executor of the insured's estate discovered roof damage caused by an April 2, 2017 hail storm on July 8, 2018. *Id.* at 299. The insurance company denied the claim because it had not received notice of loss within one year of the storm. *Id.* The plaintiff then filed a lawsuit on January 10, 2019. The Louisiana Third Circuit Court of Appeal held that the one-year limitation provision was void pursuant to La. R.S. 22:868 because the insurer had relied on the provision "to reduce the [plaintiff's] time to assert a right of action to one year in contravention of the two years allowed under La. R.S. 22:868." *Id.* at 302.

In *Mattress Direct*, the Middle District of Louisiana held that a commercial insurance company's discovery limitation, which required the insured to discover the loss no more than one year after the end of the policy period, was void pursuant to La. R.S. 22:868. 530 F. Supp. at 642. The court observed that "the purpose of La. R.S. 22:868(B) is to protect insureds against provisions that unlawfully shorten their right of action against an insurer in occurrence-based insurance policies." *Id.* As in *Munsterman*, the court found that the discovery limitation "impermissibly limited the insured's right of action against the insurer to a period of less than two years from the inception of the loss." *Id.* at 643.

Plaintiff suggests that defendant's "Legal Action Against Us" clause is similarly void pursuant to La. R.S. 22:868(B). According to plaintiff, "[t]he only difference between the [policy in Munsterman] and [defendant's] argument is that the former placed a 365-day deadline to discover and report a claim whereas the latter argues some unknown timeline that requires sufficient time for giving notice of the loss, then allowing sufficient time for an inspection and due diligence, then allowing an additional 30 to 60 days to expire before asserting a breach of contract and/or related bad faith claim."[42] Plaintiff contends that defendant is "shorten[ing] the time for the insured to assert its right of action in an occurrence-based policy[.]"[43]

Defendant responds that these cases are distinguishable and that a "right of action" implies that the right to enforce an obligation has accrued.[44] Specifically, defendant emphasizes that *Munsterman* involved a situation where the insurance company had denied a claim, while this case does not involve any such denial prior to the filing of the lawsuit.[45] Defendant also points out that, while bad faith is not at issue in this action, the Louisiana Supreme Court has upheld the validity of a two-year limitation on the institution of a first-party lawsuit based on an insurance company's breach of its good faith duties pursuant to La. R.S. 22:868(B).[46] *See Wilson v. La. Citizens Prop. Ins. Corp.*, 375 So. 3d 961 (La. 2024).

---

[42] R. Doc. No. 15, at 20.
[43] *Id.* at 21–22.
[44] *See* R. Doc. No. 17, at 4–8.
[45] *Id.* at 6–7.
[46] *Id.* at 6.

Having considered the parties' arguments and the relevant law, the Court concludes that plaintiff's claim was premature when it was filed. As noted, pursuant to the insurance policy, defendant agreed to "pay for covered loss or damage within 30 days after [defendant] receive[d] the sworn proof of loss, if [the insured] ha[d] complied with all of the terms of this Coverage Part, and: (1) [Defendant] ha[d] reached an agreement with [the insured] on the amount of loss; or (2) An appraisal award has been made."[47] There is no indication that plaintiff's claim accrued before plaintiff filed the instant lawsuit. To the contrary, plaintiff concedes that it reported the claim to defendant only nine days before filing the lawsuit, and almost two years after Hurricane Ida.  Additionally, despite defendant's efforts to contact plaintiff's counsel to schedule an inspection, defendant received no response from plaintiff's counsel until after the lawsuit had been filed. Nothing in plaintiff's briefing undermines the fact that its claim had not accrued at the time it filed the lawsuit, as plaintiff has not cited any cases establishing that compliance with an insurance policy's two-year limitation period cures prematurity. Accordingly, there was no breach prior to the filing of the lawsuit, and the lawsuit must be dismissed as premature.

As discussed, defendant argues that, while lawsuits dismissed based on prematurity are typically dismissed without prejudice, this lawsuit should be dismissed with prejudice because plaintiff's claims are also prescribed.[48] Defendant

---

[47] R. Doc. No. 10-4, at 39.
[48] R. Doc. No. 10-3, at 2.

emphasizes that, in Louisiana, "[a] premature suit does not suffice as an interruption of prescription pursuant to LSA–C.C. art. 3462[.]"[49] However, the issue of prescription in this case implicates disputed questions about the validity of the two-year limitation provision pursuant to La. R.S. 22:868(B). Because the lawsuit was prematurely filed, the Court need not reach these questions to dismiss it without prejudice. To be clear, the Court takes no position on the merits of plaintiff's La. R.S. 22:868(B) arguments in finding that dismissal with prejudice is inappropriate at this time.

Finally, as stated, plaintiff alternatively seeks leave to amend its petition.[50] According to plaintiff, the Court should grant leave to amend because permitting plaintiff to amend its petition rather than dismissing the petition without prejudice and "wasting judicial time and resources with the refiling of a new lawsuit."[51] Defendant opposes this request, arguing that plaintiff "may not rest upon mere allegations contained in the pleadings, but must set forth and support by genuine summary judgment evidence specific facts showing the existence of a genuine issue for trial."[52]

Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." Although Rule 15 "evinces a bias in

---

[49] *Id.* at 13–14 (quoting *Chichirillo v. Avondale Indus., Inc.*, 917 So. 2d 424, 431 (La. 2005)) (alterations in original).
[50] R. Doc. No. 15, at 23–24.
[51] *Id.* at 23.
[52] R. Doc. No. 17, at 9 (quoting *Johnson v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 90 F.4th 449, 460 (5th Cir. 2024)).

favor of granting leave to amend," it is not automatic. *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *United States ex rel. Lin v. Mayfield*, 773 F. App'x 789, 790 (5th Cir. 2019) (quotations omitted). A decision to grant leave to amend is within the discretion of the trial court. *Mayfield*, 773 F. App'x at 790.

However, a "district court must possess a 'substantial reason' to deny a request for leave to amend." *Id.* (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). The "futility of the amendment" is one such reason. *Id.* "[A]n amended complaint is futile 'if the complaint as amended would be subject to dismissal.'" *Rohi v. Brewer (In re ABC Dentistry, P.A.)*, 978 F.3d 323, 325 (5th Cir. 2020) (quoting *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014)). Futility is evaluated "under the same standards as a dismissal under Rule 12(b)(6)." *Butler v. Denka Performance Elastomer, L.L.C.*, 16 F.4th 427, 437 (5th Cir. 2021) (citing *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016)).

The central problem with plaintiff's case is that the complaint was premature at the time it was filed. As the First Circuit Court of Appeal of Louisiana has explained, "a fact that comes into existence after the premature suit was filed, which if proven would provide a plaintiff with the right to enforce an obligation, cannot serve to cure a suit that was filed before that right accrued." *Dutrey v. Plaquemine Manor Nursing Home*, 205 So. 3d 934, 943 (La. App. 1st Cir. 2013). Granting plaintiff leave to amend to allege facts that occurred after the filing of the lawsuit would therefore be futile. And plaintiff does not suggest that it could amend its complaint to allege

15

facts that occurred before the filing of the lawsuit sufficient to state a plausible claim. Accordingly, the Court will deny as futile plaintiff's request for leave to amend.

### IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**. The motion is **DENIED WITHOUT PREJUDICE** to defendant's right to re-urge the same to the extent defendant may later seek dismissal of plaintiff's claims with prejudice based on prescription. The motion is **GRANTED** in that plaintiff's claims against defendants are **DISMISSED WITHOUT PREJUDICE** as premature.

New Orleans, Louisiana, May 6, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**